# IN RE FESSENDEN.

PATENTS; ANTICIPATION; NOVELTY.

An application for a patent for a system of storing power which merely
applied the idea, as shown in prior patents, of pumping water into
an elevated tank, and causing it to operate a water wheel as it re-
turned by gravity to a lower one, *held* not to show invention.

No. 669. Patent Appeals. Submitted January 9, 1911. Decided February
6, 1911.

HEARING on an appeal from a decision of the Commissioner
of Patents, rejecting an application for a patent. *Affirmed.*

The facts are stated in the opinion.

*Mr. F. W. H. Clay* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of
Patents, refusing to grant appellant, Reginald A. Fessenden,
a patent for a system of storing power. The decisions of the
three tribunals of the Patent Office were unanimous. Fourteen
claims are presented on this appeal. The following, however,
are sufficient to illustrate the invention:

"2. The combination with two storage reservoirs located to
have high gravity potential difference, of means to employ nat-
ural forces for pumping water from the lower to the upper
reservoir, and means to generate electrical power by readmit-
ting the water to the lower reservoir, the water thus being cir-
culated substantially as described."

"7. In a system for storing power, the combination of a reservoir and an engine run by natural forces from the surface of the ground, of a reservoir below the surface, and proper pumps and engines by which water in the surface reservoir may be used to produce electrical power from the lower level, and the water is thus used continuously, flowing alternately between said two reservoirs."

"14. In a system for storing energy, a reservoir located substantially at a natural surface of the earth, a second reservoir having a high negative gravitational potential with reference to the first reservoir, and means for utilizing the power so stored by readmitting the fluid from the first reservoir into the second reservoir through a motor."

Appellant's application, filed April 2, 1906, describes a system of storing power which consists of two water storage tanks or reservoirs, one of which is situated at the natural surface of the earth, and the other at the base of a cliff or at the bottom of a shaft sunk into the earth, with a high gravity potential difference between them. · The elements are used, through the medium of either a windmill or sun motor, for pumping water from the lower tank to the upper, and a turbine wheel is operated by the water as it flows back by gravity to the lower tank. By this system appellant seeks to provide means whereby, during the operation of the pump, sufficient water may be stored in the upper reservoir to supply power for the continuous operation of the water wheel. By this means the same supply of water may be rotated from tank to tank, furnishing continuous power, until the water becomes exhausted by friction and evaporation, when the tanks may be refilled by any convenient or available means.

Reference was made in the Patent Office to a British patent to Hillyard & Newnes, disclosing two water storage tanks, one located at the surface of the earth, and the other above, on an elevated structure, a windmill for raising water from the lower tank to the upper, and a motor to be operated by the return flow of the water. Appellant contends that this patent is not an anticipation of his alleged invention, because the distance to

which the tank may be elevated above the surface of the earth is necessarily limited, and therefore the high difference of gravity potential cannot be obtained. But it is stated in the British patent that "the fluid pressure motor or motors may be advantageously placed at a lower level than that upon which the remaining portions of the apparatus rest when the nature of the locality where it is employed will admit of this being done." It is therefore manifest that in any event the lower tank must be beneath the motors, and the depth at which it and the motors may be placed is no more limited than in the system for which a patent is here sought.

The high difference of gravity potential is also shown in the reference to a patent to one Maxim, where water pumped into a reservoir at the mouth of the shaft of a mine is made to operate a motor placed at its bottom. There, the upper tank is at the earth's surface, the water flowing to a point some distance below. Instead, however, of using the same water over again, the purpose of that invention was the draining of mines and excavations by pumping water found therein into the reservoir at the mouth of the shaft, the motors operated by the flow of such water generating electric current to keep the pump in motion.

We are unable to observe wherein invention resides in applying the idea of pumping water into an elevated tank and causing it to operate a water wheel as it returns by gravity to a lower one, as shown in the British patent, to the reservoir and motors shown by Maxim. This is all that is involved in appellant's device, and the patent was properly denied. The decision of the Commissioner of Patents is therefore affirmed, and the clerk is directed to certify these proceedings, as required by law.                    *Affirmed.*